### Petition of SANUITI.

United States District Court,
N. D. New York.
April 15, 1954.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., pro se.

Casimir Sanuiti, San Francisco, Cal., pro se.

## BRENNAN, Chief Judge.

The petition in this proceeding must be dismissed. In order that no misunderstanding will arise it is deemed advisable to write a short memorandum.

About June 18, 1953, the United States Shipping Commissioner at Albany, New York, deposited with the Clerk of this court items of personal property and $90.36 in cash, all of which appeared to be the property of Casimir Sanuiti, a seaman, who deserted from his ship at Split, Yugoslavia, on May 27, 1953. On or about January 23, 1954, there was mailed to the Clerk of this court a petition by Sanuiti entitled in the District Court for the Northern District of California, whereby he sought an order directing the Clerk to pay the above mentioned sum of $90.36 to him. Attached to the petition was a typewritten copy of a finding by the United States Coast Guard Examiner of San Francisco, California, to the effect that the petitioner was not in fact a deserter, but that he violated certain regulations relative to his failure to report to the ship, of which he was a crew member.

The Court directed that notice of the application be given to the petitioner, the United States Attorney, and the Strathmore Shipping Co., Inc. On the return day the United States Attorney appeared, and it was deemed advisable that an additional notice be given to the Attorney General of the United States and to the Shipping Commissioner of the Port of Albany. Accordingly, the matter was adjourned to March 8, 1954, and notice was served upon the additional parties. On March 8, 1954, the United States Attorney again appeared, and there were no additional personal appearances. The Shipping Company submitted certain vouchers indicating that it had paid the expenses of the petitioner occasioned by his failure to report to his ship at Split, Yugoslavia. The Court was advised that for practical considerations the Shipping Company would not appear personally nor submit evidence. Under date of February 18, 1954, the Court wrote to the petitioner advising him in effect that he had the burden of proving his right to receive the moneys for which application was made, and further calling his attention to the fact that the petition was defective in that it was entitled in the Northern District of California, instead of the Northern District of New York. It was suggested that the petition might be amended if he would so request. No reply has been received from him, although about two months have elapsed.

It seems clear that the petition must be dismissed, even though the statute contemplates a rather summary disposition of petitioner's claim. Leaving aside the question as to jurisdiction, it would seem that evidence must be presented to establish petitioner's claim. Petition of Myers, D.C., 74 F.Supp. 154; Admiralty Rule 42, 28 U.S.C.A. The finding of the Coast Guard Examiner, unauthenticated in any manner, is not binding upon this court on the question of desertion.

As to the Shipping Company, its claim is apparently asserted under 46 U.S.C.A. § 706. The petitioner denies desertion, so that the Court is impressed that there would have to be a finding of desertion before the Shipping Company would be entitled to receive the moneys claimed.

For the reasons indicated above, and for lack of prosecution of the petition, same is hereby dismissed. It is so

Ordered.